UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD MICHAEL ANTHONY LEE,
FDOC Inmate No. 090352,
    Plaintiff,

vs.                                        Case No.:  3:22cv3070/MCR/EMT

BIA OFFICE PENSACOLA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Richard Michael Anthony Lee (Lee) is a Florida inmate proceeding pro se.  He commenced this civil rights case on March 3, 2022 (*see* ECF No. 1 at 1) and has now filed a motion to proceed in forma pauperis (IFP) (ECF No. 5).

Upon review of Lee's complaint and litigation history, the undersigned concludes Lee is prohibited from proceeding IFP, pursuant to 28 U.S.C. § 1915(g), and thus was required to pay the filing fee at the time he commenced this case.  Lee did not pay the filing fee at the time he brought this lawsuit; therefore, the undersigned recommends dismissal of this case without prejudice.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.     THE "THREE-STRIKES" PROVISION OF 28 U.S.C. § 1915(g)

Section 1915(g) prohibits a prisoner from proceeding IFP if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is "under imminent danger of serious physical injury." *Id.*

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). As noted above, the only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

## II. DISCUSSION

The undersigned reviewed Lee's litigation history and determined he previously filed the following three actions that were dismissed for failure to state a claim, pursuant to § 1915(e)(2)(B):

- United States District Court for the Northern District of Florida, Case No. 3:99cv27/LAC/SMN, dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) on June 1, 1999;

- United States District Court for the Southern District of Florida, Case No. 1:14cv22997/JAL, dismissed for failure to state a claim pursuant to § 1915 on November 21, 2014; and

- United States District Court for the Southern District of Florida, Case No. 1:15cv20680/MCG, dismissed as frivolous and for failure to state a claim pursuant to § 1915(e)(2)(B) on March 31, 2015.[2]

Because Lee had three strikes when he commenced this case, he was precluded from initiating this lawsuit without contemporaneously paying the filing fee. Again, as noted *supra*, the only exception to this rule is if the allegations of the complaint demonstrate Lee is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. To fall within this exception, Lee's complaint must include "specific, credible allegations of imminent-danger of serious physical

---

[2] The plaintiff in the three previously filed cases is identified as FDOC Inmate #090352. Lee identifies himself with that same inmate number in this case (*see* ECF No. 1 at 2; ECF No. 5 and attached inmate account statement).

Case No.: 3:22cv3070/MCR/EMT

harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 523 (2015); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). "Imminent danger" is assessed not at the time of the alleged incident, but at the time the complaint is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001).

Here, Lee presents the same claim he presented to the Southern District Court in Case No. 1:14cv22997/JAL. Lee asserts his birth certificate erroneously labeled his race/ethnicity, and an investigation into his family tree would prove he is Native American (*see* ECF No. 1 at 10). Lee apparently believes correction of his birth records with the Bureau of Indian Affairs and the Department of Health will prove he is innocent of the crimes of which he was convicted. None of Lee's allegations even remotely suggest he was facing imminent danger of serious physical injury when he filed the complaint in this case. Therefore, he may not proceed in forma pauperis.

III.   CONCLUSION

Lee is a "three-striker" and has not make a colorable showing he was under imminent danger of serious physical injury when he commenced this civil action; therefore, he is barred from proceeding IFP and was required to pay the filing fee at the time he commenced this case.  Lee did not pay the filing fee.  Accordingly, this case should be dismissed without prejudice.  *See Dupree*, 284 F.3d at 1236.

Accordingly, it is respectfully **RECOMMENDED**:

1.   This action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee at the time he initiated this action.

2.   All pending motions be **DENIED as moot**.

3.   The clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 11th day of April 2022.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:22cv3070/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:22cv3070/MCR/EMT